UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17CV119-PPS |
| vs. | ) |
| | ) |
| WESTVILLE CORRECTIONAL | ) |
| FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Carl Cooper, a *pro se* prisoner, filed a complaint alleging that Defendant Promder[1] is having Cooper's prescribed seizure medication, Keppra, administered to him in crushed form at the Westville Correctional Facility. Pursuant to 28 U.S.C. §1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a

---

[1] I am left to assume that Promder is either the first or last name of a medical provider working at the Westville Correctional Facility.

complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). I must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, Cooper has been diagnosed as having myoclonic seizures and is prescribed Keppra and Pamelor. These medications were originally administered to Cooper in pill form. On January 9, 2017, Cooper was written up for misuse of medicine after a correctional officer found Cooper's prescription medications wrapped in plastic and hidden in the shower area. (DE 1-1 at 2.) After Cooper was written up, Promder decided to administer Keppra crushed to avoid Cooper trafficking the medication. Cooper denies that he was trafficking. Moreover, Cooper alleges that, according to the Federal Drug Administration ("FDA"), Keppra should not be crushed. Based on these allegations, Cooper has brought Eighth Amendment claims against

2

Promder and Westville. Cooper seeks money damages and injunctive relief - to have his Keppra administered properly in pill form.

As a threshold matter, Westville is not a proper defendant here. Though the prison is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Westville Correctional Facility will be dismissed as a defendant.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial

3

departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.*

Here, there is little question that Cooper suffers from a serious medical need that requires him to take the prescription medication Keppra. Cooper has also alleged that it is contrary to federal regulations to take Keppra in crushed form. On these facts, Cooper may demonstrate actionable recklessness in Promder's decision to require that Cooper's Keppra be crushed. Although further factual development may show that Promder was justified in administering crushed Keppra to Cooper, or that crushed Keppra posed no danger to Cooper, it is too early to tell at this point. Giving him the inferences to which he is entitled at the pleading stage, Cooper has alleged enough to proceed on an Eighth Amendment claim against Promder.

For the these reasons, the court:

(1) **GRANTS** Carl Cooper leave to proceed on his Eighth Amendment claim against Promder in his individual capacity for money damages for administering crushed Keppra;

(2) **GRANTS** Carl Cooper leave to proceed on his Eighth Amendment claim against Promder for injunctive relief in connection with properly administering Keppra;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** the Westville Correctional Facility;

(5) **DIRECTS** the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process on Promder; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Promder respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

ENTERED: April 3, 2017

    /s/ Philip P. Simon
Judge